UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:12-CV-00119 JDW-MAP

LIFE WIN, INC., a Florida corporation; GET
MOTIVATED SEMINARS, INC., a Florida
corporation; and WEALTH MAGAZINE
INVESTOR EDUCATION LLC, a Florida
limited liability company

    Plaintiffs,

v.

BRIAN FORTE, an individual; TAKE ACTION
MEDIA, INC., a Florida corporation; and
TAMARA LOWE, an individual,

    Defendants.

___/

## DECLARATION OF BRIAN FORTE

I, Brian Forte, state under penalty of perjury, as follows:

1. I am over eighteen years of age and have personal knowledge of the matters set forth in this Affidavit.

2. I am the brother of Tamara Lowe. I worked for Life Win, Inc. ("Life Win") for approximately 9 years. Pursuant to my compensation agreement with Life Win, I was to be paid a base salary of $200,000 and receive bonuses each month, tied to profits of the business.

3. I was fired by Peter Lowe ("Mr. Lowe") as an employee of Life Win in December 2010, then rehired as a "contractor," and then fired again by Mr. Lowe in December 2011,

prior to the purported "sale" of the Life Win to Booker T. Equity, LLC. A true and correct copy of the email terminating my services is attached hereto as **Exhibit "A."**

4. At the time I was terminated in December 2011, pursuant to my agreement with Life Win for compensation, Life Win owed me an estimated $5 million in profit participation, plus 15% of the stock of Life Win which Mr. Lowe had promised me for several years. The exact amount owed to me is not known to me because Mr. Lowe and Life Win did not provide me with all the information necessary to calculate the amounts due. As of this date, Life Win has not paid the amounts owed despite my demand. Although I entered into a Confidentiality, Nondisclosure and Noncompete Agreement ("Agreement") with Life Win in January 14, 2002, a dependant covenant of the Agreement was Life Win's payment to me of my agreed upon compensation. The Agreement states "[f]or and in consideration of the compensation and benefits to be provided by the Company, .... Employee agrees...." A true and correct copy of the Agreement is attached hereto as **Exhibit "B."** I would not have agreed to sign the Agreement if I had known that Life Win did not intend to pay me the agreed upon compensation.

5. I currently work for Take Action Media, Inc. as the Chief Executive Officer.

6. Take Action Media, Inc. has agreed to pay me $1 million ($750,000 in base compensation, plus $250,000 in deferred compensation) for services to be performed.

7. If a temporary injunction is issued in this case, I will suffer undue hardship, including loss of my livelihood and compensation of at least $1 million annually.

8. In addition, if a temporary injunction is issued in this case, it will result in the loss of approximately $11 million in projected profits. I have prepared a pro-forma budget for Take Action Media, Inc. for the 12 months ending December 31, 2012. A true and correct

2

copy of the pro-forma projection is attached hereto as **Exhibit "C."** Based on these projections, Take Action Media, Inc. is projected to make approximately $11 million this year alone.

9. In addition, Take Action Media, Inc. is responsible for the wages of approximately 375 employees and contractors. If an injunction is entered which prevents Take Action Media, Inc. from executing seminars, events and conducting its business, the employees and contractors will be laid off and the company will be forced to close. Given the loss of income and loss of employment, Take Action Media Inc. will suffer great harm if a preliminary injunction issues, which I believe to be greater than any hardship that would be suffered by Life Win if a preliminary injunction is not entered.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 14th day of February, 2012.

Signature: _____
BRIAN FORTE

3