UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIFE WIN, INC., a Florida corporation; GET
MOTIVATED SEMINARS, INC., a Florida
corporation; and WEALTH MAGAZINE
INVESTOR EDUCATION LLC, a Florida
limited liability company,

      Plaintiffs,

vs.

                                             Case No. 8:12-cv-00119-JDW-MAP

BRIAN FORTE, an individual; TAKE
ACTION MEDIA, INC., a Florida
corporation; and TAMARA LOWE, an
individual,

      Defendants.

                                                    /

**PLAINTIFFS' MOTION FOR LEAVE
TO PRESENT TESTIMONY AND OTHER EVIDENCE AT
FEBRUARY 21, 2012 PRELIMINARY INJUNCTION HEARING**

The plaintiffs, Life Win, Inc. ("Life Win"), Get Motivated Seminars, Inc. ("GMS"), and

Wealth Magazine Investor Education, LLC ("WMIE") (collectively, "the Plaintiffs" or "the

Companies"), through their undersigned counsel, respectfully request that the Court grant them

leave to present testimony and other evidence at the hearing on the Plaintiffs' Motion for

Temporary Restraining Order or Preliminary Injunction ("the Motion for Preliminary

Injunction") [Dkt 2], which is scheduled to take place on February 21, 2012 at 9:00 a.m. ("the

Hearing").   The grounds for this Motion are set forth fully in the following supporting

Memorandum.

**Memorandum in Support of Motion**

      1.      On January 20, 2012, the Plaintiffs filed their initial Complaint, asserting various

claims against the defendants, Brian Forte, Take Action Media, Inc., and Tamara Lowe

1

(collectively, "the Defendants") for breach of contract, misappropriation of trade secrets, tortious interference, conversion, trademark infringement and counterfeit, unfair competition and cyberpiracy, unfair and deceptive trade practices, and civil conspiracy.

2.      Simultaneously therewith, the Plaintiffs filed their Motion for Preliminary Injunction, requesting that the Court, among other things, enjoin the Defendants from engaging in various improper acts, and directing the Defendants to return certain property to the Plaintiffs.

3.      On February 8, 2012, the Court entered its Order [Dkt 15] which (a) scheduled the Hearing; and (b) reminded the parties of the requirements imposed by Local Rule 4.06(b).

4.      Local Rule 4.06(b) provides, in relevant part, as follows:

> (b) All hearings scheduled on applications for a preliminary injunction will be limited in the usual course to argument of counsel unless the Court grants express leave to the contrary in advance of the hearing pursuant to Rule 43(e), Fed.R.Civ.P.

5.      The Motion for Preliminary Injunction is supported by the declarations of Joseph Johnson ("Mr. Johnson") [Dkt 14] and Peter S. Lowe ("Mr. Lowe") [Dkt 13] (collectively, "the Declarations"), which already are part of the record in this matter.

6.      However, since the filing of the Motion for Preliminary Injunction and the Declarations, and as more fully described in the Plaintiffs' First Amended Complaint ("the Amended Complaint") [Dkt 17], filed herein on February 9, 2012, several additional events have transpired which further demonstrate the impropriety of the Defendants' actions, and provide further support for the Motion for Preliminary Injunction.

7.      Indeed, the Defendants' improper actions continue to take place as of the date of this Motion, and likely are to continue up to the date of the Hearing.

8.      Accordingly, to provide the Court with a full and complete understanding of the grounds for the Motion for Preliminary Injunction, the Plaintiffs desire, and hereby request leave,

to present testimony and other evidence at the Hearing, including, without limitation, the testimony of the individuals who were involved in, and have direct knowledge of, the matters asserted in the Amended Complaint and the Motion for Preliminary Injunction.

WHEREFORE, the Plaintiffs respectfully request that the Court enter its Order (a) granting the Plaintiffs leave to present testimony and other evidence at the Hearing; and (b) granting such other and further relief as the Court deems proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), before filing this Motion, counsel for the Plaintiffs conferred with counsel for the Defendants to determine whether the Defendants have any objection to this Motion, and whether the Defendants intended to file a memorandum in opposition to this Motion. The Defendants' counsel stated that the Defendants do object to this Motion. The Defendants' counsel also stated that the Defendants are uncertain as to whether they will file a memorandum in opposition to this Motion, and thus requested that the Plaintiffs include in this Certification the basis of the Defendants' objection, which as stated by the Defendants' counsel, is as follows:

> We object to your request. Rule 4.06 is designed to provide for a non-evidentiary hearing because a preliminary injunction hearing, like in this case, is often noticed before any Rule 26 disclosures and before we've had an opportunity to take depositions and other discovery. We will each have an opportunity to present testimony at a final hearing, which will take place after we take all necessary discovery.

Dated: February 15, 2012

/s/ Christopher L. Griffin
Christopher L. Griffin (FBN 273147)
Adam R. Alaee (FBN 0819611)
Justin R. Moore (FBN 0086168)
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602-5810
P.O. Box 3391
Tampa, FL 33601-3391
Telephone:  813.229.2300
Facsimile:  813.221.4210
Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court on February 15, 2012, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Christopher L. Griffin
Attorney

4

4839-9370-4718.1