UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:12-CV-00119 JDW-MAP

LIFE WIN, INC., a Florida corporation; GET MOTIVATED SEMINARS, INC., a Florida corporation; and WEALTH MAGAZINE INVESTOR EDUCATION LLC, a Florida limited liability company

        Plaintiffs,

v.

BRIAN FORTE, an individual; TAKE ACTION MEDIA, INC., a Florida corporation; and TAMARA LOWE, an individual,

        Defendants.

_____/

### TAKE ACTION MEDIA INC. AND TAMARA LOWE'S STATUS REPORT FOR MARCH 12, 2012 HEARING AND MOTION TO DISMISS LAWSUIT AGAINST TAKE ACTION MEDIA, INC. AND TAMARA LOWE AND INCORPORATED MEMORANDUM OF LAW

Defendants, TAKE ACTION MEDIA, INC. ("**TAM**") and TAMARA LOWE ("**Mrs. Lowe**") (collectively, "**Defendants**"), by and through their undersigned counsel, hereby file their Status Report and Motion to Dismiss Lawsuit Against Take Action Media, Inc. and Tamara Lowe and Incorporated Memorandum of Law. In support thereof, Defendants state:

#### SUMMARY OF THE ARGUMENT

1. The Court should dismiss the lawsuit for all the reasons previously presented in Defendants' Motion to Abstain, which is incorporated as if fully herein. D.E. 23.[1] As argued in Defendants' Motion to Abstain, the lawsuit should not be litigated in this forum. D.E. 23. The action should also be dismissed against TAM and Mrs. Lowe pursuant to the parties' settlement.

---

[1] Defendants reserve, and do not waive by filing this status report and motion its argument that the Court should abstain from exercising jurisdiction over this case. *See* Motion to Abstain. D.E. 23.

After long hours of settlement negotiations, the parties reached an agreement, and executed a settlement agreement. In reliance on the agreement, TAM and Mrs. Lowe fully performed their obligations by turning over to Plaintiffs all of the property alleged to have been converted, including all alleged trade secrets that are the subject matter of Plaintiffs' lawsuit and Motion for Preliminary Injunction ("**Injunction Motion**"). D.E. 2. The settlement agreement is fully enforceable between Plaintiffs, TAM and Mrs. Lowe. Plaintiffs are estopped from alleging that there is no settlement after acknowledging that a settlement occurred and taking all the benefits due to them under the settlement. To the extent Plaintiffs contend that there has been a breach of the settlement, they have appropriate remedies, but cannot maintain that there is no settlement and seek an injunction. The facts that existed at the time of the hearing on Plaintiffs' Injunction Motion have clearly and dramatically changed. All of the alleged trade secrets and property allegedly belonging to Plaintiffs have been delivered to Plaintiffs, rendering the Injunction Motion moot and therefore it should be denied.

**RELEVANT BACKGROUND**

2. This is an action by Plaintiffs alleging the misappropriation of property, including alleged trade secrets. Plaintiffs seek damages and injunctive relief against Defendants under various legal theories. On January 20, 2012, Plaintiffs filed a Motion for Preliminary Injunction ("**Injunction Motion**"). D.E. 2. On February 14, 2012, Defendants' filed a Motion to Abstain D.E. 23. A hearing on the Injunction Motion and Motion to Abstain was held on February 21, 2012. Since this Court's hearing, the parties spent numerous hours attempting to resolve this case and their differences.

3. As a result of the long hours of negotiations, on February 23, 2012, the Plaintiffs, TAM and Mrs. Lowe reached a settlement of their differences. TAM, Mrs. Lowe and Plaintiffs each executed, and delivered to their counter-party, a Settlement Agreement and Release (the "**Settlement Agreement**"), which *inter alia*, released all claims between them. A copy of the

Settlement Agreement is attached hereto as Exhibit "A."  At this time, Defendant, Brian Forte ("**Forte**") has decided not to enter into the Settlement Agreement.

4.  TAM and Mrs. Lowe executed the Settlement Agreement and performed their obligations under the Settlement Agreement. For example, Mrs. Lowe executed and delivered to Plaintiffs a Confidentiality, Nondisclosure and Non-Compete Agreement and a Personal Services Contract agreeing to do speaking engagements for Plaintiff, Get Motivated Seminars.  A copy of the Non Compete is attached hereto as Exhibit "B."  A copy of the Personal Services Contract is attached hereto as Exhibit "C."  Also pursuant to the Settlement Agreement, Mrs. Lowe turned over the keys to her TAM office, and delivered to Plaintiffs the property alleged to have been misappropriated, including Get Motivated websites, bank accounts, service agreements, intellectual property, computers, electronics, furnishings, archives, systems, collateral systems, and all contracts for upcoming TAM events.  Mrs. Lowe and TAM transferred to Plaintiffs all their rights to, and revenues from, a "Get Motivated" event in Miami which took place after the execution of the Settlement Agreement.  Furthermore, by letter dated February 24, 2012, Mrs. Lowe requested and encouraged all (now former) TAM employees to assist in the transition and to fully cooperate with Plaintiffs.  *See* Mrs. Lowe's February, 24, 2012 memorandum to TAM employees attached hereto as Exhibit "D."

5.  Although TAM and Mrs. Lowe fulfilled their obligations under the Settlement Agreement and the parties exchanged releases, Plaintiffs refuse to dismiss the lawsuit against TAM and Mrs. Lowe as required by the Settlement Agreement.  *See* Settlement Agreement, ¶ 6a. Plaintiffs contend that TAM and Mrs. Lowe failed to turn over approximately $500,000.00 which Mrs. Lowe wired to her personal account because she was due funds that she loaned to TAM, her company.  The bank account from which the funds at issue originated was not part of the Settlement Agreement.  The Settlement Agreement only requires the "TAM parties to immediately return control of all bank accounts belonging to, or associated with any of the Get

Motivated Parties." *See* Settlement Agreement, ¶ 1 c. Regardless of who is right, if Mrs. Lowe breached the Settlement Agreement (which she did not), Plaintiffs have remedies available under the settlement, but may not refuse to dismiss this action for injunctive relief as required by the settlement.

## ARGUMENT

6.      Federal district courts have inherent power to summarily enforce settlement agreements entered into by party litigants in a pending case. *Rhein Medical, Inc. v. Koehler*, 889 F.Supp. 1511, 1516 (M.D. Fla. 1995), *citing Kent v. Baker, III*, 815 F.2d 1395, 1398 (11th Cir. 1987). Settlement agreements are contracts "governed by state law applicable to contracts in general." *S & T Mfg. Co., Inc. v. Hillsborough County, Fla.*, 815 F.2d 676, 678 (11th Cir. 1987).

7.      Settlement agreements are strongly favored and will be upheld when possible. *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002) ("Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so"). To be enforceable, a settlement agreement must have sufficiently specific and mutually agreed upon terms. *Id.* Once an agreement to settle is reached, as with any contract, one party may not unilaterally repudiate it. *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967)("Federal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced").

8.      The Plaintiffs may not accept the benefits of the Settlement Agreement and then attack its enforceability. Florida Courts explain, "where a party accepts the benefits of a settlement agreement or a compromise . . . and knows . . . of the facts concerning that settlement, the party ratifies the settlement by accepting the benefits . . . and he is thereafter estopped to attack the settlement." *In re Sav-A-Stop Inc.*, 124 B.R. 356, 360 (Bankr. M.D. Fla. 1991) ( *citing Kisz v. Massry,* 426 So. 2d 1009, 1011 (Fla. 2d DCA 1983); *Nagymihaly v. Zipes,* 353 So. 2d

943, 944 (Fla. 3rd DCA 1978); *J. Allen, Inc. v. Castle Floor Covering,* 543 So. 2d 249, 251 (Fla. 2d DCA 1989).

9. In this case, the Plaintiffs and Defendants TAM and Mrs. Lowe reached an agreement as to specific terms and each executed, and delivered to their counter-party, a signed Settlement Agreement. Plaintiffs accepted the full benefits of the Settlement Agreement by accepting all of TAM's property and taking over its business. Plaintiffs' own attorney, Mark Hindley, acknowledged the validity of the settlement Agreement in a February 24, 2012, email stating: "As discussed, the parties in the *Get Motivated et. al v. Take Action Media et al.* litigation have executed a settlement agreement under which all Get Motivated accounts that were transferred to Take Action Media will be transferred back to Get Motivated." *See* February 24-27, 2012 email chain attached hereto as Exhibit "E"; see also February 28, 2012 email chain attached hereto as Exhibit "F." Plaintiffs, Defendants and their attorneys also negotiated the language of a notice to vendors informing them that TAM property would be transferred to Get Motivated pursuant to the settlement. The notice to vendors states:

> Tamara Lowe, Brian Forte, and TAM have executed a settlement agreement ("Settlement Agreement") with Life Win, Inc., Get Motivated Seminars, Inc., and related entities (together "Get Motivated") to resolve the Motivated et. al v. Take Action Media et al. litigation and other related litigation.
>
> Under the Agreement, all accounts currently in TAM's name are to be transferred to Get Motivated. Accordingly, we authorize your company to take whatever actions are necessary to ensure the immediate and seamless transition of the Account to Get Motivated.

*See* February 24 email chain and notice to vendors attached hereto as Exhibit "G."

10. In reliance on the Settlement Agreement, TAM and Mrs. Lowe immediately turned over the keys to TAM's office, including all its equipment, intellectual property and contracts. Mrs. Lowe and TAM turned over to Plaintiffs all their rights to and revenue from existing seminar contracts. Furthermore, Mrs. Lowe and TAM instructed all her (former) staff to

cooperate with Plaintiffs to facilitate a seamless transition of the business. *See* Exhibit "D." Plaintiffs are estopped from attacking the validity of the Settlement Agreement after voluntarily entering into the Settlement Agreement, acknowledging its validity and accepting its benefits from Defendants. In accordance with the Settlement Agreement between the parties, this lawsuit should be dismissed.

11.   To the extent the Plaintiffs argue, and the Court finds, that the Settlement Agreement is not enforceable, then the Court should order Plaintiffs to return to TAM and Mrs. Lowe all of the property and money which they turned over to Plaintiffs pursuant to the settlement. Clearly Plaintiffs cannot rescind the Settlement Agreement without putting the parties back in the position they were in before the execution of the agreement, and the Plaintiffs cannot continue to seek an injunction over property that is now in their possession.

## CONCLUSION

For the foregoing reasons, Defendants Lowe and TAM should be dismissed from this action in accordance with the terms of the settlement, or to the extent there is no settlement, the Court should abstain from exercising jurisdiction over this case and order Plaintiffs to return all of the assets and property transferred by TAM in reliance on the settlement back to TAM.

CASE NO.: 8:12-CV-00119 JDW-MAP

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Attorneys for Defendants*
Miami Center, Seventeenth Floor
201 So. Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: ___s/ Alan J. Kluger_____
ALAN J. KLUGER
Fla. Bar No. 200379
akluger@klugerkaplan.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 8, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on **Christopher L. Griffin, Esq.,** FOLEY & LARDNER LLP, 100 North Tampa Street, Ste. 2700, Tampa, Florida 33602, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ____/s Alan J. Kluger_____