UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIFE WIN, INC., a Florida corporation; GET
MOTIVATED SEMINARS, INC., a Florida
corporation; and WEALTH MAGAZINE
INVESTOR EDUCATION LLC, a Florida
limited liability company,

       Plaintiffs,

v.                                                  Case No. 8:12-cv-00119-T-27MAP

BRIAN FORTE, an individual; TAKE
ACTION MEDIA, INC., a Florida corporation;
and TAMARA LOWE, an individual,

       Defendants.
_____/

**<u>ORDER</u>**

Pursuant to yesterday's status hearing, it is hereby

ORDERED:

1. Within 30 days from the date of this Order, Defendants are directed to supplement their joint motion for abstention (doc. 23) outlining what developments, if any since the motion's filing, have occurred in the state courts relating to Tamara Lowe and Peter Lowe's marital estate and their interests in the Companies (as that term is defined in the motion). The Defendants should specifically address whether the validity of Mr. Lowe's sale of the "Companies" to Defendant Johnson remains an issue in the state litigation and, if so, how the matter is still in or potentially in dispute. The Defendants should provide a course of the state proceedings relevant to the abstention

issues that have occurred post-motion and attach any relevant state court order(s) or documents with their supplemental pleading that, in their opinions, bear on the abstention issue. The Plaintiffs may respond accordingly to the Defendants' supplement within 20 days of the Defendants' electronic filing with the Court.

    2. Within 30 days of this Order, the Defendants may supplement their responses (docs. 20, 21, 22) to the Plaintiffs' motion for preliminary injunction (doc. 2) outlining what facts, if any, support their claim that the relief requested is now moot. Defendants' supplemental responses are due within 30 days of this Order. The Plaintiffs may respond accordingly to the Defendants' supplement within 20 days of the Defendants' electronic filing with the Court.[1]

    DONE AND ORDERED in Tampa, Florida on June 26, 2012.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are reminded that Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." A case is moot when it no longer presents a live controversy; namely, one which the court can give meaningful relief. The doctrine of voluntary cessation, however, provides an exception to the general rule that a case is mooted by the end of the offending behavior. The party asserting mootness bears a "formidable" burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again. *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183-84 (11th Cir. 2007) (citations omitted).